IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division Alexandria Division

| | |
|---|---|
| WILBER JOSE BENITES SOSA, Administrator of the Estate of WILBER HEOVANY GARCIA BENITEZ,     Plaintiff, v. PRINCE WILLIAM-MANASSAS REGIONAL ADULT DETENTION CENTER, *et al.*,     Defendants. | Case No. 1:24-cv-00499 (RDA/WBP) |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are several defendants[1] motions to strike the amended complaint filed by Plaintiff in this Court. ("Defendants' Motions"; ECF Nos. 36, 39, 40, 42). Plaintiff opposed Defendants' Motions ("Omnibus Opposition"; ECF No. 57), and Defendants replied to Plaintiff's Omnibus Opposition. (ECF Nos. 59, 60, 61.) On May 17, 2024, the Court heard oral argument on Defendants' Motions and, for the reasons stated from the bench and below, Defendants' Motions are DENIED.

I.

Plaintiff is the administrator of the estate of Wilber Heovan Garcia Benitez, who died while he was incarcerated in the Prince William-Manassas Regional Jail. On March 20, 2023,

---

[1] These defendants (collectively, "Defendants") moved to strike the amended complaint: Kimberly Finn (ECF No. 36); Tracy Allen, Roosevelt Daniels, C. Hendricks, Quinton James, Eric Lindsey, Jr., Brianna McDonald, Brennan Ralls, Anthony Thompson, and Nicholas Williams (ECF No. 39); Glendell Hill, Prince William-Manassas Regional Jail Board, Prince William-Manassas Regional Adult Detention Center (ECF No. 40); and G. Deshields and Pete Meletis (ECF No. 42).

Plaintiff filed an eight count Complaint in the Circuit Court for the County of Prince William against 15 defendants, some of whom were identified as "Jane and John Doe Healthcare Providers" and "Jane and John Doe Correctional Officers." ("Original Complaint"; ECF No. 1-1.)

On May 11, 2023, Plaintiff filed an amended complaint in state court. ("First Amended Complaint"; ECF No. 1-2.) Notably, a Virginia state court plaintiff may not amend a complaint "as a matter of course," as is permitted in federal court by Rule 15 of the Federal Rules of Civil Procedure. Instead, a plaintiff must seek leave of the state court under Rule 1:8 of the Rules of the Supreme Court of Virginia. Thus, before Plaintiff could file his First Amended Complaint, he had to file a motion for leave to amend seeking the state court's permission.

Plaintiff's First Amended Complaint contained the same eight counts as the Original Complaint, but he named another 16 defendants. (*Id*.) Apart from adding Rappahannock Creative Health Center and Douglas Sturm, M.D., as defendants, whom Plaintiff identified as additional "Medical Defendants," all the other new individual defendants were specifically identified as either healthcare providers or correctional officers. (*Id.*) At the time Plaintiff filed his First Amended Complaint, he had not requested service on any of the defendants.

About ten months later, between March 8, 2024 and March 20, 2024, Plaintiff served defendants with the First Amended Complaint. (ECF No. 1 at ¶ 5.) On March 29, 2024, the action was removed to this Court (ECF No. 1) and, between April 4, 2024 and April 22, 2024, Defendants filed their respective motions to dismiss the First Amended Complaint. (ECF Nos. 3, 11, 13, 15, 23, 30.)

On April 25, 2024—within 21 days after the first motion to dismiss was filed—Plaintiff filed a document styled "Amended Complaint" ("Second Amended Complaint"; ECF No. 34)

2

without leave of court and without the consent of defendants. In response, Defendants filed their respective motions to strike the Second Amended Complaint. (ECF Nos. 36, 39, 40, 42.)

II.

Defendants all make the same general argument in their motions to strike Plaintiff's Second Amended Complaint: because Plaintiff amended his complaint in state court before the case was removed to this Court, Plaintiff could not amend his complaint in this Court "as a matter of right," but needed to seek leave of court or the consent of all defendants. While appealing on its face, the language of Rule 15 does not support this argument when applied to the facts of this case.

Rule 15(a)(1) provides an automatic right to amend a pleading once as a matter of course within 21 days *after serving* it or, if the pleading requires a responsive pleading, the pleading may be amended as of right once within "21 days *after service* of either a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1) (emphasis added). Rule 15(a)(2) also allows a party to request leave to amend from the court at any time or to file an amended pleading with the written consent from opposing parties. FED. R. CIV. P. 15(a)(2). Rule 15 contains no requirement that a party desiring to amend a complaint must proceed sequentially from Rule 15(a)(1) to Rule 15(a)(2) or that a first amendment should always be considered a "matter of course" amendment under rule 15(a)(1), even if the amendment were with leave of court under Rule 15(a)(2).

In their motions to strike, Defendants all argue that Plaintiff's First Amended Complaint amounted to his "matter of course" amendment under Rule 15(a)(1) simply because it was Plaintiff's first amendment and therefore conclude that Plaintiff could only have filed his Second Amended Complaint either with defendants' consent or with leave of court. (ECF Nos. 36 at 2;

3

39 at 2; 41 at 2; 42 at 3.) In support of their arguments, Defendants cite cases both inside and outside the Fourth Circuit, none of which are analogous to this case.

Within the Fourth Circuit, Defendants rely largely on *Daulatzai v. Maryland*, where the court found improper under Rule 15 the filing of an amended complaint in federal court without leave of court because the plaintiff had already amended her complaint as of right before the case had been removed from Maryland state court. 338 F.R.D. 587, 588-90 (D. Md. 2021). But *Daulatzai* does not aid this Court in its analysis because it is silent on facts this Court concludes are important, such as whether the complaint was amended for the first time before it was served or in response to a motion to dismiss and whether the first amendment was as a "matter of course" as permitted by state procedural law or with leave of court or the parties' consent. Instead, in *Daulatzai*, the court simply counts the number of amendments and concludes that the first must have been as a "matter of course" because it was a first amendment and therefore a second amendment must be authorized by the court. This Court concludes that an analysis of Rule 15 requires more.

Further, *Daulatzai* and other cases cited by Defendants do not fit well with the analysis required here because those cases were decided by district courts located within states that allow amendments of right under state court procedure. *See Hosp. Mktg. Concepts, LLC v. Inter-Cont'l Hotels Corp.*, No. SACV151342JVSDFMX, 2015 WL 13284964, at *1 (C.D. Cal. Oct. 21, 2015) ("[I]f a plaintiff files a first amended complaint *as of right in state court* before removal, a plaintiff may not again amend its complaint without first obtaining either the opposing party's written consent or leave of court.") (emphasis added); *Howell v. City of Fresno*, No. CVF07371OWWTAG, 2007 WL 1501844, at *2-3 (E.D. Cal. May 23, 2007) (denying amendment where California state court allowed amendment as of right). *See also Drake v.*

4

*Walmart Inc.*, No. 3:20-cv-581-M-BK, 2020 WL 10866997, at *3 (N.D. Tex. Oct. 19, 2020) and *Hanks v. Harper*, No. cv-19-03174-PHX-DLR, 2019 WL 6050229 (D. Ariz. Nov. 15, 2019) (both denying amendments made without leave of court where state courts allowed a prior amendment as of right). Virginia state courts have no such analogous procedure. *See* Va. Sup. Ct. R. 1:8.

Other cases cited by Defendants lack persuasiveness, as well, because they involve factual scenarios where plaintiffs tried to file amended complaints for the second time as a matter of right when they had already filed first amended complaints as a matter of right in federal court. *See, e.g.*, *Teal v. CB Richard Ellis, Inc.*, No. 3:13-cv-169, 2013 WL 5276702 (W.D.N.C. Sept. 18, 2013) (striking second amended complaint filed without leave of court because a first amended complaint already had been filed as a matter of course in federal court); *Anderson v. Ford Motor Co.*, No. 3:22-cv-758-HEH, 2023 WL 5987379 (E.D. Va. July 13, 2023) (striking an amended complaint different from the original amended complaint attached to the motion); *Dungey v. Culmen Int'l LLC*, No. 121-cv-01027RDAJFA, 2022 WL 4357443 (E.D. Va. Sept. 20, 2022) (striking an amended complaint filed after the deadline had passed for an amendment as of right).

Instead, the Court finds as most analogous to the facts here *Gilman & Bedigian, LLC v. Sackett*, 337 F.R.D. 113 (D. Md. 2020). In *Gilman*, after the plaintiff had filed a complaint, the plaintiff and the defendant stipulated to extending the deadline for the defendant to respond, which the court approved. A day before the defendant's responsive pleading was due, the plaintiff sought—and was granted—leave of court to file a first amended complaint. After the plaintiff filed the first amended complaint, the defendant moved to dismiss it. Without seeking leave of court, the plaintiff filed a second amended complaint, and the defendant moved to strike

5


it, arguing that a second amendment after the first amendment requires leave of court or the parties' consent. *Gilman*, 337 F.R.D. at 116. Relying on Ninth Circuit precent, the court rejected the defendant's argument holding:

> Rule 15's provisions are "not mutually exclusive," as the rule is "organized substantively, not chronologically," and "does not prescribe any particular sequence for the exercise of its provisions." Though it is "more often the case" that "a plaintiff may file his one matter of course amendment under Rule 15(a)(1) and then seek consent from opposing counsel or leave of court to file a second amended complaint under 15(a)(2)," there is no requirement that a plaintiff avail himself of Rule 15 in this precise manner. Thus, a plaintiff need not first amend as a matter of course and then amend only by agreement or with leave of the court.

*Id*. at 115 (citing *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015)). Other courts, including at least one in the Fourth Circuit, have reached the same conclusion. *See Parks v. Liberty Inc. Corp.*, No. 8:17-0503-HMH, 2017 WL 11457907, at *4 (D.S.C. May 18, 2017) ("Where a party has previously amended her complaint pursuant to Rule 15(a)(2), but has not done so as a matter of course pursuant to Rule 15(a)(1), the plaintiff may still amend the complaint as a matter of course."); *Evans v. Dart*, No. 22-CV-222, 2023 WL 3568685, at *3 (N.D. Ill. May 19, 2023) (same).

Such is the case here. Plaintiff sought, and was granted, leave to file an amended complaint from the Virginia state court. But pursuing this amendment with leave of court did not extinguish Plaintiff's right to amend his pleading as a matter of course, as provided by Rule 15(a)(1). Having never exercised his right to amend his complaint as a matter of course, Plaintiff was not required to seek leave of Court or the consent of all defendants before filing his Second Amended Complaint.

In reaching its conclusions, the Court finds important the core concept in Rule 15(a)(1) that a party should have a right to amend a pleading *one time* as a matter of right *after* a motion

to dismiss has been *served*. Prior to 2009, Rule 15 restricted amendments as a matter of course to "any time before a responsive pleading is served." FED. R. CIV. P. 15 (2007). The change to the current version of Rule 15 suggests that the drafters intended to terminate the right to amend as a matter of course only *after* a complaint has been served. *Maldonado v. Ford*, No. 5:19-cv-421 (MTT), 2021 WL 2689837, at *1 (M.D. Ga. June 30, 2021) ("after undoing an amendment in 2009, the text of Rule 15(a)(1)(B) provides that an amendment as a matter of course must be filed '*within* . . . 21 days *after service*' of the responsive pleading or motion to dismiss. That suggests that the window for amendment as a matter of course might not *open* until the responsive pleading or motion is served." (Emphasis in original.)).

The rationale for allowing a plaintiff to amend a complaint as a matter of course one time after a complaint has been served and a motion to dismiss has been filed is sound, in that it allows a plaintiff an opportunity to cure any defects identified by the defendant without further burdening the courts and the other parties with the time and expense of litigating issues that may be able to be resolved through amendment. Indeed, this conclusion is consistent with the Advisory Committee Notes for the 2009 amendments to Rule 15, which state in pertinent part:

> the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f). This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings.

FED. R. CIV. P. 15(a)(1) advisory committee note to 2009 amendment. *See also Jamison v. Long*, No. 519-cv-00457TESMSH, 2021 WL 2936132, at *3-4 (M.D. Ga. July 13, 2021) (citing cases in which amendments made before service were not counted as amendments made as a matter of course); *Thomas v. Lincoln Reg'l Ctr. Staff Members*, No. 8:21-cv-368, 2021 WL 5759750, at *1

(D. Neb. Dec. 3, 2021) (the plain language of Rule 15 suggests the window for amendment begins after service) (citing *Maldonado*, 2021 WL 2689837, at *1); *Ward v. Glynn Cnty. Bd. of Commissioners*, No. cv 215-077, 2016 WL 4269041 (S.D. Ga. Aug. 11, 2016) (finding an amendment to not be "in accordance with Rule 15(a)" where defendant was not served yet).

The policy recognized in the Advisory Committee Notes is not advanced if, as here, a plaintiff is denied the ability to amend his complaint as a matter of course in response to a motion to dismiss if the plaintiff previously had been granted leave to amend before the complaint had been served and only to add the specific names of defendants who had previously been identified as John and Jane Does.

Finally, Defendants also rely on *McKenna v. Bristol Va. City Police Dep't*, Case No. 1:22-cv-00002, 2022 WL 614031 (W.D. Va. Mar. 2, 2022) for the proposition a plaintiff's amendment in state court counted as his amendment of right under Rule 15 (a)(1), such that he needed to seek leave from the federal court to amend again. But a distinguishing feature in *McKenna* is that the plaintiff was granted leave to file his amended complaint in state court *after* the complaint had been served and *after* the defendant had filed a demurrer—the Virginia state court equivalent of a motion to dismiss—that put the plaintiff on notice of potential defects and provided him with an opportunity to cure them without further intervention from the court. Thus, *McKenna*, in this respect, is consistent with the Court's holding here.

### III.

For all these reasons, it is hereby

ORDERED that Defendants' motions to strike Plaintiff's Second Amended Complaint are DENIED.

Entered this 17th day of May 2024.

Alexandria, Virginia

_____
William B. Porter
United States Magistrate Judge