IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division Alexandria Division

| | |
|---|---|
| WILBER JOSE BENITES SOSA, )<br>Administrator of the Estate of WILBER )<br>HEOVANY GARCIA BENITEZ, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>PRINCE WILLIAM-MANASSAS )<br>REGIONAL ADULT DETENTION )<br>CENTER, *et al.*, )<br>)<br>  Defendants. ) | Case No. 1:24-cv-00499 (RDA/WBP) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Strike Motion to Dismiss of Defendant Kimberly Finn. ("Plaintiff's Motion"; ECF No. 44.) On May 6, 2024, Defendant Finn filed a "Memorandum in Opposition to the Motion and Motion for Finn's Motion to Dismiss to be Deemed Timely Filed." ("Opposition" or "Defendant's Motion"; ECF No. 49.) On May 10, 2024, Plaintiff replied to Defendant Finn's Opposition. (ECF No. 55.) On May 17, 2024, the Court heard oral argument on Plaintiff's Motion and Defendant's Motion. For the reasons stated from the bench and below, Plaintiff's Motion is DENIED and Defendant's Motion is GRANTED.

I.

On March 20, 2023, Plaintiff filed an eight count Complaint in the Circuit Court for the County of Prince William against 15 defendants. ("Original Complaint"; ECF No. 1-1.) Defendant Finn was not named as a defendant in the Original Complaint. (*Id.*) On May 11, 2023, with leave of the Virginia state court, Plaintiff filed an amended complaint ("First Amended

Complaint"; ECF No. 1-1), which added 16 defendants, including Defendant Finn. (*Id.*) Defendant Finn was served with the Original Complaint and the First Amended Complaint on March 20, 2024 (ECF No. 45-1), and unbeknownst to Defendant Finn at the time, the case was removed to this Court on March 28, 2024. (ECF No. 1.)

Defendant Finn responded to the First Amended Complaint by filing a Motion to Dismiss on April 12, 2024, two days late. (ECF No. 23.) Defendant Finn did not seek leave of Court to file a late response to the First Amended Complaint. On April 25, 2024, in response to motions to dismiss that several defendants had filed, Plaintiff filed a Second Amended Complaint as a matter of right and contended that this filing mooted all the motions to dismiss. (ECF No. 49-2.) On April 29, 2024, Defendant Finn (and several other defendants) moved to strike Plaintiff's Second Amended Complaint on the ground that he needed to seek leave of court or the parties' consent to file it. (ECF No. 36.) Resolution of the motion to strike Plaintiff's Second Amended Complaint has been resolved by order entered this same date and is not dispositive to resolution of the instant Motion.

On May 3, 2024, Plaintiff moved to strike Defendant Finn's motion to dismiss as untimely. (ECF No. 45.) In response, Defendant Finn opposed the motion to strike and, within the opposition, added a "Motion for Finn's Motion to Dismiss to be Deemed Timely Filed." (ECF No. 49.)

At no time has the Clerk of Court entered a default against Defendant Finn.

II.

There is no dispute that Defendant Finn filed her Motion to Dismiss out of time. Pursuant to Rule 81(c)(2) of the Federal Rules of Civil Procedure, Defendant Finn was required to respond to the First Amended Complaint on or before April 10, 2024, 21 days after service. FED. R. CIV.

2

P. 81(c)(2). Defendant Finn's filing on April 12, 2024, was late, and she did not seek leave of court to extend the deadline before it expired. (ECF No. 23.)

District courts may extend the time to respond to a complaint, but extensions sought after a time period expires—such as the extension now sought by Defendant Finn—may be granted only "on motion" and only if both "good cause" and "excusable neglect" are proven. FED. R. CIV. P. 6(b)(1).

The Supreme Court has noted that excusable neglect is a "somewhat elastic concept," grounded in equity, not limited exclusively to omissions caused by circumstances outside the moving party's control, but which must be assessed in view of all relevant circumstances surrounding the omission. *See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 390-95 (1993); *see also Gilyard v. Northlake Foods, Inc.*, 367 F. Supp. 2d 1008, 1010 (E.D. Va. 2005) (granting defendant's motion for enlargement of time filed after the deadline).

To evaluate whether there has been excusable neglect, the Supreme Court has identified these factors: (1) prejudice to the nonmovant; (2) length of the delay and its potential effect on judicial proceedings; (3) the reason for the delay, including whether it was in the movant's control; (4) and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395. Proving excusable neglect is a high bar in the Fourth Circuit, and courts particularly focus on the reason for failure to timely file. *See Bredell v. Kempthorne*, 290 F. App'x 564, 565 (4th Cir. 2008) and *Welsh v. Comm'r of Soc. Sec.*, No. 2:20-cv-460, 2021 WL 6496550, at *2 (E.D. Va. Dec. 10, 2021). The Fourth Circuit has also found failure to act with diligence precludes a finding of excusable neglect. *Id.* (citing *Robinson v. Wix Filtration Co.*, 599 F.3d 403, 413 (4th Cir.2010).

This analysis must be tempered by the Fourth Circuit's "repeatedly expressed [] strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Prep. Acad., Inc. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010).

III.

A threshold requirement under Rule 6(b)(1)(B) is that a request for leave to extend a deadline must be made "on motion." FED. R. CIV. P. 6(b)(1)(B). Plaintiff argues in his reply in support of Plaintiff's Motion that Defendant Finn has never filed a motion for extension of time, thereby precluding the relief afforded by Rule 6(b)(1(B). (ECF No. 55 at 3.) While the Court believes that Defendant Finn could have handled her request for an extension much better—by preemptively seeking leave of court to file a late pleading rather than raising the issue solely in response to Plaintiff's motion to strike her late filing—Defendant Finn has moved the Court to consider her motion to dismiss timely filed, thereby satisfying Rule 6(b)(1)(B)'s procedural requirement.[1] (ECF No. 49.)

Plaintiff also argues that, because Defendant Finn's Motion to Dismiss was filed two days late, without leave of court or having been granted an extension, her filing is untimely and

---

[1] Plaintiff asserts in his reply, "Defendant Finn's one-sentence request to deem her late filing timely cannot be construed to constitute a Rule 6(b)(1)(B) motion[.]" (ECF No. 55 at 3.) However, Defendant Finn did not merely add one-sentence, but she titled the filing "Opposition . . . and Motion for Finn's Motion to Dismiss to be Deemed Timely Filed[.]" (ECF No. 49.) Courts within this Circuit have recognized the validity of a motion made within the same document as an opposition to a different motion. *See, e.g.*, *In re Khanh Viet Nguyen*, No. 11-14125-BFK, 2011 WL 3889714 (Bankr. E.D. Va. Sept. 2, 2011) (defendant filed an opposition and motion for leave to amend within the same document); *Sampson v. United States*, No. CIV.A. DKC 15-0243, 2015 WL 5008780 (D. Md. Aug. 20, 2015) (plaintiff filed an opposition and motion for leave to amend within the same document); *Marcello v. Comm'r, Soc. Sec.*, No. CIV. SAG-13-0855, 2013 WL 4013475 (D. Md. Aug. 5, 2013) (plaintiff filed an opposition and motion for extension of time in the same document).

4

should be stricken from the record. (ECF No. 45 at 1-2.) In both her Opposition and argument in court, Defendant Finn offered a rational reason for her late filing that this Court believes satisfies the excusable neglect standard and otherwise meets the requirements under Rule 6(b).

Defendant Finn explains that she was confused by the service papers and did not believe she was a defendant to the suit. (ECF No. 49 at 3.) When Plaintiff served Defendant Finn, he served her with two complaints—the Original Complaint and the First Amended Complaint. (ECF No. 49-3.) Defendant Finn was neither listed as a defendant in the caption of the Original Complaint nor identified in the body of the Original Complaint. (*Id.* at 3; ECF No. 49-3 at 1-3.) While Defendant Finn is identified in both the caption and body of the First Amended Complaint (*Id.* at 30-78), she explains that, as a lay person, she was confused by the proceedings and the difference between the Original Complaint and the First Amended Complaint, and she no longer worked as an employee at the facility where the alleged negligence took place and had no one with whom she could discuss the case. (ECF No. 49 at 2-4.) Defendant Finn was also unaware that the matter had been removed to this Court. (*Id.*)

The reasons offered for the two-day delay support a finding of excusable neglect and is the type of error that has been recognized as rational in this Circuit. *See, e.g.*, *State Farm Fire & Cas. Co. v. No. 9 Software, Inc.*, No. 4:11-cv-27, 2011 WL 4072667 (E.D. Va. July 27, 2011) (finding excusable neglect where in-house counsel failed to notify outside counsel of a deadline); *Malletier v. Haute Diggity Dog, LLC*, No. 1:06-cv-321 (JCC), 2007 WL 676222 (E.D. Va. Feb. 28, 2007) (neglect to timely file a motion was excusable where service was delayed by the Clerk); *Orgill, Inc. v. Distrib. Centers of Am. (WV), LLC*, No. 3:16-cv-158, 2017 WL 11457966 (N.D.W. Va. Oct. 2, 2017) (excusing delayed response because the problems were out of defendant's control).

5

Defendant Finn also acted promptly to cure the delay. Her counsel contacted her for the first time on April 11, 2024, one day after a response to the Amended Complaint was due, and she filed her motion to dismiss the next day. (*Id.*) Such a prompt response proves diligence and does not suggest deliberate neglect or bad faith by any means. *See Penn-Am. Ins. Co. v. White Pines, Inc.*, No. 2:19-cv-57, 2019 WL 13160135 (E.D. Va. Oct. 24, 2019) (finding counsel's immediate action after learning of a late filing to demonstrate diligence) and *Chamblee v. Old Dominion Sec. Co.*, No. 3:13-cv-820, 2014 WL 1415095, at *3 (E.D. Va. Apr. 11, 2014) ("While the delay was within the reasonable control of Chamblee . . . once he became aware of the error, he has acted promptly.").

The remaining factors also support a finding of excusable neglect. The length of the delay is only two days, which is minimal in comparison to other delays that have been excused in this district. *See id.* at *3 (allowing a seven-day delayed responsive pleading); *State Farm Fire & Cas. Co.*, 2011 WL 4072667 (allowing a 20-day delayed answer); *McKesson Med.-Surgical, Inc. v. Flower Orthopedics Corp.*, No. 3:17CV631, 2018 WL 944375, at *8 (E.D. Va. Feb. 16, 2018) (excusing a 27-day delayed answer).

There also is no prejudice to Plaintiff, and Plaintiff identified no prejudice in his filings or in his oral argument.[2] To the contrary, in response to Defendant Finn's motion to dismiss, Plaintiff filed an amended complaint. *See Smith v. Montalvan*, No. 2:23-cv-461, 2024 WL 1130279, *6 (E.D. Va. Mar. 15, 2024) (rejecting plaintiff's argument that she would be prejudiced because the case was still in the early stages of litigation). These facts support a finding that the two-day delay has little to no impact on judicial proceedings. *Harrell v. Jaguar*

---

[2] When a party fails to address the prejudice factor, it suggests that the party concedes that they were not prejudiced by the delay. *See Penn-Am. Ins. Co.*, 2019 WL 13160135, at * 2.

*Land Rover N. Am., LLC*, No. 2:23-cv-241, 2023 WL 8788955, at *6 (E.D. Va. Dec. 19, 2023) (finding no impact on judicial proceedings where no trial or discovery schedule was set).

IV.

For these reasons and the reasons provided from the bench, the Court finds that Defendant's two-day delay in filing her Motion to Dismiss (ECF No. 23) is excusable under Rule 6(b) of the Federal Rules of Civil Procedure, and it is therefore

ORDERED that Defendant's Finn's Motion for Finn's Motion to Dismiss to be Deemed Timely Filed is GRANTED; and it is further

ORDERED that Plaintiff's Motion to Strike Defendant Finn's Motion to Dismiss is DENIED.

Entered this 17th day of May 2024.

Alexandria, Virginia

William B. Porter
United States Magistrate Judge

7